The next case on for argument is Elliman v. Firefly Entertainment Michael Cole I'm going to call Hansen Chester for appellant. Let me give the Court the essence of the essence of this appeal as I see it. To affirm this decision, the Court has to reach for defendants. Reaching for defendants pre-answer is material error. Let me quickly demonstrate that. Explain what you mean. Yeah, please explain. Let me demonstrate that from what the District Court writes. What the District Court writes, describing, interpreting, addressing enforceability of the e-mail, making pre-answer determination of measure of damages. Apropos, consider first how the District Court describes the e-mail. Record page 880. The e-mail is described as an informal e-mail. The District Court writes, this is an informal e-mail from employee of defendant to plaintiff. However, the complaint pleads the plaintiff is a licensed real estate broker in the midst of showing defendant's real property. The grammatical object of the e-mail is the real property 153 Franklin. The grammatical subject of the e-mail is the sole right given to the Douglas Elliman agent to represent defendant regarding 153 Franklin. Further, note the expressed intent of the e-mail to be shown to the owner. The point is to find this e-mail informal, you have to reach for defendant. And more important still, what the District Court writes on interpretation of the e-mail. Record 880 as well. Where the District Court first quotes the e-mail, defendant working solely with the Douglas Elliman agent regarding viewing and any other needs at 153 Franklin. Of these words the Court writes, it does not come close to establishing the exclusive agency of the Douglas Elliman agent. Now consider, if you were to change the word solely with the word exclusively, defendants working exclusively with the Douglas Elliman agent, certainly these words come close to establishing the exclusive agency, i.e., the dictionary synonym of the word solely is exclusively. The point, to interpret the e-mail as not coming close to establishing exclusive agency once. I thought the point was that it's at least ambiguous whether solely is modifying the preceding words or the subsequent words. And it makes a big difference from the standpoint of your position. I'm sorry, would you say that again, Judge? Yeah, so the full sentence reads, this is to confirm that we, Firefly Entertainment slash 13 Management, are working with you solely regarding the viewing and any other needs at 153 Franklin. If the solely goes backwards, so it would be read as, this is to confirm that we, Firefly Entertainment, 13 Management, are working solely, we are solely, we are exclusively working with you. That's one possible meaning of that sentence. But another possible meaning is, all we're going to be doing are the things regarding the viewing and any other needs in 153 Franklin. But it doesn't say then on that reading of the sentence that they are the exclusive agents. So, at a minimum, it seems to me ambiguous on that. Not with respect, not in the least in this respect. Remember that the complaint is pleading the circumstances of what is happening here. This is a licensed real estate broker who is in the midst of showing the defendant real property. And in paragraph 18 of the complaint, I think that is at record page A21, it specifically pleads the fact that the broker asked for some kind of proof of his exclusive agency to go to the seller so that he would have the bona fides to convince this seller to sell. Remember, this is not a listed property. This is conceived by the broker as a way to solve this particular buyer's problem. Now, obviously, given all that context and the inference favoring, you shouldn't be narrowly construing such a promise of exclusive agency and disregarding the pleading, especially at the pre-answer stage. There should be opportunity to put the proof to what is alleged in the complaint. It would be different if the complaint merely said, I have this e-mail here, and that's the sole basis of the exclusive agency. That is not the nature of this complaint. The complaint is fact-specific. And moreover, I would point out to you, remember, that this broker created this transaction. He not only conceived of it, he convinced the seller to sell. He begins the preliminary negotiation. He shows, he measures, he gets the blueprints. And then after that is kicked to the side of the curb. The point is and it's What about the fact that this e-mail says nothing about the amount of commission? No problem if you look at the latest appellate division controlling authority, which is Lansko. Lansko says specifically the absence of scope, duration, commission amount is not a bar to enforceability provided this promise is made to a licensed real estate broker, provided that you are alleging that another broker has supplanted the exclusive broker, provided that other broker has earned a commission excluding the other broker. Those are the exact facts pled here. They are on all fours with Lansko, which is a 2009 case. And by the way, in the briefs we talk about, you know, Cooper Square. Cooper Square is a 1992 case. And in Lansko, in Lansko, the Lansko appellate division case cites to an earlier Lansko case from 1993, which it said we've already said this is enforceable. And even that case is later than Cooper Square. The bottom line here is this. But for the Douglas Elliman broker, there is no transaction here. And that also goes to promissory estoppel theory of liability, which is extant in the specific allegations of detrimental reliance, that detrimental reliance being the showing, the introducing, the beginning, the negotiations, the measuring, the blueprints in detriment, specifically pled in detrimental reliance. Bottom line, you don't kick the broker to the side of the curb having done all that, especially creating the transaction. Remember again, you know, in the brief, by the way, in the appellate's brief, the appellate's brief suggests, well, you know, they were just going to connect this just like they did. That's totally inaccurate. Even if you Googled 15 Leonard, you'd find it as a fully developed condominium. But 153 Franklin is a two-story old building with an indoor garage that's no longer in use. This was some real intuitive insight by this broker. And but for him, it doesn't happen. This particular buyer is in dire need of a security situation he came up with. And under these circumstances, and by the way, in Lansko. Mr. Call, your red light's on. I'm sorry. You've got some time for rebuttal. You can use some of that now. I will wait for rebuttal. Oh, okay. I was going to give you the choice. No, no, don't apologize. We generally observe it loosely. Good morning. My name is Doug Baldridge, and I represent the Appalese, the successful defendants below. There was one thing not mentioned in Mr. Call's argument, which is the linchpin of what is before the court today. And that is, this is not a procuring cause broker case. The rule for real estate commissions is procuring cause. And when a broker is a procuring cause, certain rights, remedies, approaches, constructions apply. What this plaintiff has done has conceded and admitted the broker was not the procuring cause. And ---- Would you just, since we don't hear these cases all the time, I'm sorry. Since we don't hear them, just define procuring cause. What does procuring cause mean? It means it's a direct and proximate link and cause of the sale that occurred. Now, you'll understand that ---- But Mr. Call's client didn't bring the purchaser to the table. There's no dispute in this case about whether he was the procuring cause. You can answer that question, yes or no, and then you can add. That's correct. Okay. Thank you. I just want to be sure. And his client was not the procuring cause. There's no dispute about that. And where that leaves you under applicable New York law is whether there was a special contract, they call it, or special agreement of exclusive agency. And ---- Can you have two procuring causes in one of ---- in a case like this where you have serial, one broker, then the other? Is it just one procuring broker or can there be two or three or ---- I believe there are cases where there is more than one procuring cause. But again, that's not even on the table here. Right. We're talking about a special contract of agency. And once you're in the world of special contract of exclusive agency, he has to plead and prove on behalf of the broker all material terms of that special contract. And to the extent a material term is missing, it's just like any other contract case. There is no contract. In this case, that e-mail is alleged to be on all four corners, as he says in the complaint, the entire agreement, the entire special contract. What's missing from that e-mail, as Judge Rakoff pointed to? There's no reference to compensation at all, much less how you determine amount. There's no reference to the duration of the agency if there was one at all. There's no reference to the scope of the agency if there was one at all. And there's no reference to the services that were provided allegedly or were to be provided. So where he is left is with an e-mail where he wanted the court below, and that e-mail is attached to the complaint, and now wants this court to read into the special contract, all of the terms of a contract, and then give his client a million-dollar commission. You can't do that. There's not a case in existence that supports the court writing the contract for him off of that e-mail. Now, what does Elk do? Robertson did not comment on the Lansko case, because I think he only mentioned that in his reply brief. Yes, sir. Lansko was addressed very thoroughly in his reply, if you recall. And Lansko v. World Zionists involves whether an otherwise sufficient brokerage agreement is unenforceable because it fails to specify the amount of commission. In Lansko, there was duration, there was scope, there were services. It did not reference the amount. Here, you don't have the issue of what the amount is and determining the amount under the fixed and variable standard of Cooper. What you have here is nothing said in the e-mail about compensation at all. You can't put that term in. And that's why Lansko doesn't apply. And if you look at Judge Furman's decision, he's perfectly in line with Lansko because he finds no formal agreement, no mention whatsoever of what the scope or duration is, no mention whatsoever of any compensation, much less how much that compensation would be. And then another reason was occurred to us as you asked your question, Judge Rakoff, about how you interpret solely. You didn't have that issue at all in Lansko as to whether it modified the preceding language or the subsequent language. So Lansko is easily, easily dealt with. Now, what do they say? They say in response, add all these terms. We've covered that. Parkway versus Modell's, dismissed. Even when the special contract said we will pay a commission at a negotiated rate in the future, it was still dismissed with prejudice in Parkway. And that actually referenced a payment. Ours doesn't reference a payment at all, much less a future act to deal with that payment. Cooper Square. Cooper Square, dismissed. It says there must be a definite statement as to compensation for a special contract. Again, we have no statement in this e-mail which they allege is the sole basis for the contract. We have no reference to price or compensation at all. And supplying the missing terms, there has to be a fixed and invariable standard to determine the amount of the compensation, assuming there's a compensation requirement in the first place, which we don't have here. And that fixed and invariable standard doesn't exist, as the Court pointed out, because Elliman had said determining the 6 percent that they claimed they were entitled to depends on subjective assessments of what the neighborhood was like and what the purchaser was like. Were they high-end, in other words? Was it a high-end purchaser? Was it a high-end neighborhood? So the claim fails because we're not in procuring cause. That's the bottom line. Now, if I could just briefly, although Mr. Cole's not arguing about right to amend, they were given two opportunities to amend, including one in writing by Judge Furman. They declined both opportunities. And even if they were allowed to amend and add, like they've tried to on appeal for the first time, add these quasi-contract claims, that would be futile because a quasi-contract claim only applies under the procuring cause rule. That's Fire Island. In other words, once you have a procuring cause, then you can make quasi-contract claims to try to recover a commission. This, again, is a special contract case. I really, I've concluded ahead of time, I think this is a very simple matter, and that Judge Furman's decision should be appealed. I mean, should be affirmed. Excuse me. Thank you, Mr. Baldwin. It has been. I'll give you the words of Lansko from the appellant's brief, which, reply brief, which is on point. Defendants Glancy and Manhattan Music contend the letter agreement is not enforceable and the complaint should be dismissed first. The agreement does not contain the material terms such as duration, duties of the party, manner in which the fee was computed. However, we have previously recognized an agreement like this to be enforceable. Moreover, Glancy, the broker, only spent 25 minutes with the broker in this case. After that, they supplanted him with another broker, and the court said the fact that it was 25 minutes makes no difference to enforceability. The Gardner case that Modell Sports, the counsel pointed out, if you read that case, what you'll find is the reason the exclusive agency was not enforced there, because they had a deal with regard to one tenant who did not buy. The court said in that case, you don't have an exclusive for everything, just that one tenant. It didn't occur because that contingency did not occur. No exclusive agency. With respect to counsel, the terms are sufficient with the facts pled to show an exclusive agency. Moreover, there is promissory estoppel. The broker should not be kicked to the curb. He should be permitted to give proof on damages. Huttner says specifically, Second Circuit says, in a case like this, you have the right to offer expert proof of what is a customary real estate brokerage commission. 431 of the pattern jury instructions specifically states, if the parties did not agree to a commission amount, you may consider a reasonable amount, and you may receive expert testimony. This is directly contrary to the conclusion of the district court, because otherwise, the pattern jury would have said, if you find there is no agreement between the broker and the customer, you must find for defendant, not that you may receive proof of reasonable brokerage services, or you may consider expert testimony. The law is in opposite to the appellee's position. The broker should have his opportunity to prove his case. Thank you. Thank you. Thank you, Mr. Cole. Can I make one comment, since there was something new? It's just a sentence. The pattern jury instruction he refers to is a procuring cause instruction, not a special contract instruction. Thank you. Thank you both. We'll reserve decision in this case. And our final case, United States v. Simmels, is on submission, so I will ask the clerk, please, to adjourn court. Court is adjourned. Thank you.